## UNITED STATES v. 88 BARRELS OF SPECIALLY DENATURED ALCOHOL.

(District Court, E. D. New York. March 3, 1925.)

Intoxicating liquors ⬤⟿246—Denatured alcohol stored in unlawful place held subject to forfeiture.

Denatured alcohol, diverted by a truckman from the place to which it was to be delivered, and left in a public garage, under circumstances indicating an unlawful purpose, *held* subject to forfeiture.

Forfeiture Libel. Proceeding by the United States against 88 barrels of specially denatured alcohol. Decree of forfeiture.

Alexander S. Drescher, of Brooklyn, N. Y., for claimant.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y.

GARVIN, District Judge. The case is submitted upon an agreed state of facts, which are as follows:

On April 14, 1922, Ernest F. Forster, a duly licensed truckman, with proper permits, hired by the claimant, undertook to transport a number of barrels of specially denatured alcohol from St. Johns Park railroad station, Hudson street, borough of Manhattan, New York City, to the premises of the claimant at 407 Bleecker street, New York City, where he arrived shortly after 5 o'clock p. m., finding said premises closed, whereupon he proceeded to 623 Sack-

ett street, borough of Brooklyn, a garage in which he had storage space, and in which he left the alcohol in question, where it was seized by the government two days later. On April 15, 1922, he undertook to transport from the same place in Manhattan to the Bleecker street address an additional number of barrels of similar alcohol, had the same experience, and left them at the same garage.

The government contends that Forster unlawfully diverted and illegally stored both of these shipments of alcohol. The court cannot escape reaching the same conclusion. If the truckman found the premises of the claimant on Bleecker street closed, he should have at once reported the matter to the authorities, or returned the shipment to the railroad station, where it had been delivered to him. Instead, he assumed to take it to a garage, where its storage was clearly unlawful and unwarranted. One act of this character might conceivably be innocent, but when it was followed on April 15th with another act of precisely the same sort the court cannot escape the conclusion that Forster's acts disclose a design or an intention to place these truck loads of alcohol in a place not permitted by law.

At once the question suggests itself: "Why did not Forster call the shipper's attention to the fact that the first shipment was undelivered, because upon its arrival at its destination delivery could not be effected." One acting in good faith would not undertake to make a second delivery under such circumstances. His actions, when he was questioned with regard to the alcohol, strengthen the belief that this whole procedure was an attempt to violate law.

The record shows that Forster's conduct when the government agent went to his office was such as to indicate that he was engaged in operations which he desired to keep secret, so that there was no such frank and open disclosure of everything connected with his business as might be expected of an innocent man, engaged in lawful business, unjustly accused of crime.

In the case at bar the alcohol being transported was illegally diverted to a private garage, whence part of it disappeared. The remainder should be forfeited.

The libelant may have a decree as prayed.